**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                        Criminal No. 11-cr-134-2-JL

<u>Deborah Rivera-Jurado</u>

## O R D E R

Defendant has been charged with: (1) conspiracy to possess with the intent to distribute and to distribute cocaine; and (2) use of the United States mail to commit a drug-trafficking offense.  Those charges are based on defendant's alleged conspiracy with Algenis Quintana-Gonzalez to ship cocaine from Puerto Rico to Manchester, New Hampshire, and to receive payment for that cocaine in the form of postal money orders sent to Puerto Rico.  Before the court is defendant's motion to transfer the case against her from the District of New Hampshire to the District of Puerto Rico, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure.  The United States objects.  For the reasons that follow, defendant's motion to transfer is granted.

The Federal Rules of Criminal Procedure provide, in pertinent part:

> Upon the defendant's motion, the court may transfer
> the proceeding, or one or more counts, against that
> defendant to another district for the convenience of
> the parties, any victim, and the witnesses, and in the
> interest of justice.

Fed. R. Crim. P. 21(b).  When exercising its "broad

discretionary power to transfer a criminal prosecution to

another district," United States v. Muratoski, 413 F. Supp. 2d

8, 9 (D.N.H. 2005), a trial court should consider:

> (1) the location of the defendant; (2) the location of
> possible witnesses; (3) the location of events likely
> to be in issue; (4) the location of documents and
> records likely to be involved; (5) the disruption of
> defendant's business if the case is not transferred;
> (6) the expense to the parties; (7) the location of
> counsel; (8) the relative accessibility of the place
> of trial; (9) the docket condition of each district or
> division involved; and (10) any other special
> considerations relevant to transfer.

Id. (citing Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 243-

44 (1964)).  Moreover:

> It is unlikely that any one of these factors will be
> present by itself in a particular case.  Ordinarily
> the various factors appear in combination, with some
> pointing in favor of transfer and others against
> transfer.  It is incumbent on the court in such a case
> to strike a balance and decide which factors seem to
> be of greatest importance in that case.

Muratoski, 413 F. Supp. 2d at 10 (quoting 2 Charles A. Wright &

Arthur R. Miller, Federal Practice and Procedure § 344 at 275).

In Muratoski, Judge McAuliffe was guided by the following

passage from an opinion of the Court of Appeals for the Second
Circuit:

> Recognizing the unfairness and hardship to which trial
> in an environment alien to the accused exposes him,
> and the important policies underlying the venue
> provisions of the Constitution and Bill of Rights, the
> Supreme Court has declared that venue statutes should,
> whenever possible, be construed so to permit trial at
> the residence of the defendant.

413 F. Supp. 2d at 12 (quoting United States v. Cashin, 281 F.2d
669, 675 (2d Cir. 1960); citing United States v. Johnson, 323
U.S. 273, 275 (1944)).  Based on the following application of
the Platt factors, defendant has made a meritorious argument in
favor of transferring the case against her to the District of
Puerto Rico.

**Location of the defendant**.  All agree that defendant is a
resident of Puerto Rico.  "Defendants, ordinarily, should be
tried where they reside."  Muratoski, 413 F. Supp. 2d at 11
(citing United States v. Russell, 582 F. Supp. 660, 662
(S.D.N.Y. 1984)).  The United States argues that defendant has
brought the inconvenience, expense, and unease of facing trial
on herself by participating in a drug conspiracy that reached
into New Hampshire.  Determining whether or not defendant
participated in a drug conspiracy is, of course, the point of
her trial.  This factor favors transfer.

**Location of possible witnesses**.  Defendant identifies a host of witnesses the government is likely to call who reside in Puerto Rico: (1) witnesses who would be called upon to link her to the package of money orders sent to Puerto Rico and to link her with her co-defendant; (2) the co-defendant's federal probation officer; (3) law-enforcement agents who began the initial investigation; (4) law-enforcement officers who arrested defendant and her co-defendant; (5) bank employees who engaged in transactions involving the money orders defendant is alleged to have received; and (6) keepers of relevant records. Defendant also argues that any witnesses she might call reside in Puerto Rico.  See Muratoski, 413 F. Supp. 2d at 11 ("conducting defendant's criminal trial in this district would place a substantial burden on any witnesses he chose to call") (citing United States v. Aronoff, 463 F. Supp. 454, 458 (S.D.N.Y. 1978)).  Defendant does concede, however, that the postal inspector who investigated the case in New Hampshire, and a confidential informant, both reside in New Hampshire.  The government argues that this factor is basically a wash, on grounds that trial in Puerto Rico is just as inconvenient for New England witnesses as trial in New Hampshire would be for Puerto Rico witnesses.

4

Defendant has the better argument.  The witnesses from Puerto Rico appear to be more numerous than those from New England, and their testimony less amenable to replacement by deposition.  Given the number of witnesses from Puerto Rico, and the centrality of their evidence, this factor favors transfer.

**Location of events likely to be in issue.**  Defendant focuses on the conduct she and her co-defendant are alleged to have engaged in in Puerto Rico, such as receiving a package containing proceeds from drug sales.  The government focuses on law-enforcement activity in New Hampshire, such as K-9 searches of packages from Puerto Rico and the execution of a controlled delivery of one of those packages.  While this case involves some events that took place in New Hampshire, the acts in which defendant is alleged to have directly engaged all took place in Puerto Rico.  While the New Hampshire events are necessary to prove the government's case, the location of defendant's allegedly criminal acts in Puerto Rico tips the scale in favor of transfer.

**Location of documents and records likely to be involved.** "The location of documents and records is not a major concern in these days of easy and rapid transportation." Muratoski, 413 F. Supp. 2d at 11 (quoting United States v. Posner, 549 F. Supp.

475, 478 (S.D.N.Y. 1982)).  Defendant does not argue that the
documents or records likely to be involved in this case are
located in Puerto Rico, but, rather, that they can easily be
transported there.  The government argues that most of the
relevant documents are located in this district, and that it
makes little sense for venue to turn on the original location of
those documents.  In light of <u>Muratoski</u>, this factor does not
strongly favor trial in either district.

**Disruption of defendant's business if the case is not
transferred.**  Defendant has a job as an administrative assistant
in a public housing project.  Traveling to New Hampshire to
defend against the government's charges will impose a disruption
on her employment well in excess of the disruption that would
result from her being tried in Puerto Rico, given the distance
involved and the necessity of traveling to New Hampshire by air.
In an argument that echoes the argument it made on the first
factor, the government responds to defendant's concerns about
lost wages and keeping her job by saying:

> While the defendant's appearance in New Hampshire
> for trial would cause her to be absent from her job
> for a brief period, this is the same place of employ
> from which she was accepting money packages from New
> Hampshire.  It is unjust for her now to use her
> employment as a basis for a transfer.

6

Gov't's Obj. (doc. No. 11), at 5.  The government contends that defendant has admitted to receiving money packages at her place of employment, but, whether defendant was engaging in criminal activity at her place of employment is not an established fact; it is what the government intends to prove at trial.  Given that defendant is indigent, any unnecessary loss of work time would be critical.  See Muratoski, 413 F. Supp. 2d at 11.  Thus, this factor favors transfer.

**Expense to the parties**.  Trial in New Hampshire would result in various expenses, including the cost of transporting, housing, and feeding defendant and various witnesses (both hers and the government's), the costs associated with travel to Puerto Rico by the federal defender, and the cost of engaging translators in Puerto Rico.  Trial in Puerto Rico would save all of the foregoing expenses, but impose on the government the cost of sending investigators, prosecutors, and evidence to Puerto Rico or the cost of getting a local prosecutorial team up to speed.  According to the government, the expenses of trial in either venue counterbalance.  They do not, if only for the reason that "the government's inconvenience is 'a factor given little weight when other considerations of convenience suggest transfer.'"  Muratoski, 413 F. Supp. 2d at 12 (quoting United

States v. Gruberg, 493 F. Supp. 234, 243 (S.D.N.Y. 1979)).  But,
beyond that, it seems fairly clear that the costs associated
with trying this case, regardless of who will bear them, will be
lower if the case is tried in Puerto Rico than if it is tried in
New Hampshire.  Accordingly, this factor favors transfer.

   **Location of counsel.**  Defendant has counsel in New
Hampshire and also has counsel in Puerto Rico, specifically, a
Spanish-speaking attorney from the CJA panel appointed to
represent her at her Rule 5 hearing.  She further argues, in
reliance on Muratoski, that the government will be as ably
represented in Puerto Rico as it would be here, and that if she
were tried in Puerto Rico, "it probably will prove more
convenient to the government . . . to have the [her] close by,"
413 F. Supp. 2d at 12.  The government contends that because
defendant has counsel in both venues, and the only government
counsel familiar with the case is located in New Hampshire, this
factor weights against transfer.  The court is not convinced
that this is such a complicated case that a new set of
government attorneys would have much trouble mastering it in a
short time.  Moreover, the availability of Spanish-speaking
defense counsel in Puerto Rico is no small matter, given that

defendant is not fluent in English.  This factor points, if only
slightly, in favor of transfer.

**Relative accessibility of the place of trial**.  This factor
would seem to be neutral; apart from the costs of getting to
either New Hampshire or Puerto Rico, neither venue appears to be
appreciably more difficult to get to than the other.

**The docket condition of each district or division involved**.
The government argues, without much support, that a trial in
Puerto Rico would take place long after the date scheduled for
trial in this district.  Defendant does not address this factor,
and the court will presume that it points in favor of retaining
the case in New Hampshire.

**Any other special considerations relevant to transfer**.  The
defendant identifies the following special considerations: (1)
she has a young child with special needs who is still nursing,
whom she cannot afford to bring to New Hampshire, and for whom
she would be unable to provide care in New Hampshire even if she
were to bring him here; (2) the co-defendant in the case is
currently detained in Puerto Rico on a supervised-release
violation, which makes him more readily available as a witness
in Puerto Rico than he would be in New Hampshire; (3) she has
never set foot in New Hampshire and has been charged only with

receiving a package from New Hampshire, not with sending anything to New Hampshire.  The government, in turn, argues that transferring defendant's case would effectively result in a severance from her co-defendant, requiring the government to assume the unjust and undue burden of prosecuting the same case twice, in two different districts.  Both sides make good points, at least in the abstract.

Regarding the inconvenience associated with dual prosecutions, in United States v. Morrison, the Court of Appeals for the Seventh Circuit held that the trial court did not abuse its discretion when it declined to transfer the charges against one member of a drug-trafficking conspiracy to the district in which his contributions to the operation took place.  See 946 F.2d 484, 498-90 (7th Cir. 1991).  In its opinion, the court noted that given 'the number of defendants involved, to have transferred Andrini-Varga's trial – essentially granting him a severance – would have given rise to a 'multiplication of litigation' resulting in great inconvenience to the witnesses involved as well as considerable expense to the government."  Id.; see also United States v. Kopituk, 690 F.2d 1289, 1323 (11th Cir. 1982) ("The policy favoring joint trials in conspiracy cases, the convenience of most of the witnesses and

defendants, and the fact that [the defendant] has failed to particularize any real prejudice, all lead to the conclusion that the trial court did not abuse its discretion in refusing to sever Williams and transfer his case to Jacksonville."); United States v. Stinson, 559 F. Supp. 136, 138 (E.D. Tenn. 1982) (denying motion to transfer when transfer would have "result[ed] in a single conspiracy charge being tried once in this district and again in the Eastern District of North Carolina").  Of course, determination that a trial court did not abuse its discretion by not transferring a case under one particular set of circumstances does not mean that another court would abuse its discretion by ordering a transfer, even under relatively similar circumstances.  That said, in Aronoff, Judge Cannella granted one of the two motions to transfer filed in a three-defendant criminal case where the defendants were charged with conspiracy, notwithstanding that transferring the case against one defendant resulted in two trials on the same claims.  See 463 F. Supp. at 458-60.

In any event, the government's argument would have substantially more force if it were currently preparing to try both defendants in a single proceeding.  But, because the docket indicates that the government's charges against defendant and

11

her co-defendant are already proceeding along separate tracks –
trial for defendant has been scheduled and rescheduled, while no
trial date has been set for her co-defendant – the government's
reliance on the theoretical inconvenience of separate trials
rings hollow.

Defendant's concerns about caring for her young son,
however, ring true.  Apart from the fact that defendant herself
is located in Puerto Rico, her young son, along with the rest of
her family and friends who could provide assistance with caring
for him, are all in Puerto Rico.  In Aronoff, Judge Cannella
characterized the circumstances of the defendant whose case he
transferred in the following way:

> Robinson lives in St. Clair County, in the Eastern
> District of Michigan, with his wife and three children,
> aged 14, 12, and 11.  He would be unable to afford to
> bring his family with him to New York.  A prolonged
> trial in this district, therefore, would deprive him of
> their support during a trying time, and would deprive
> his family of his presence.

463 F. Supp. at 458.  While a defendant's family situation is
only one consideration among many, it is plainly something the
court can take into account, and here, the special needs of
defendant's young son are, if anything, more compelling than the
family situation in Aronoff that formed part of the basis for
transferring the defendant's case.  In short, the fact that the

12

government was already proceeding against defendant separately from her co-defendant, in conjunction with her son's special needs, tilts the final <u>Platt</u> factor in favor of transfer.

### Conclusion

Seven of the <u>Platt</u> factors favor transferring this case to Puerto Rico.  One factor favors retention, and two are neutral.  On balance, then, the <u>Platt</u> factors support transfer.  For the convenience of the defendant and witnesses, and in the interest of justice, defendant's motion to transfer this case to the United States District Court for the District of Puerto Rico, document no. 10, is granted.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


December 19, 2011

cc:  Jennifer C. Davis, Esq.
     Jeffrey S. Levin, Esq.
     United States Marshal
     United States Probation